IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CAROL SCHULTE | * | |
|     Plaintiff, | | |
| v. | * | CIVIL ACTION NO. RDB-12-2919 |
| JOSEPH MURTHA | * | |
| RUTH JAKUBOWSKI | | |
| KAREN PIKLARSKI | * | |
|     Defendants. | | |
| | *** | |

**MEMORANDUM OPINION**

On October 1, 2012, the Court received for filing a fee-paid, self-represented civil rights action under 42 U.S.C. § 1983 submitted by Carol Schulte ("Schulte"), a resident of Baltimore, Maryland. Schulte claims that she was denied protection under the First, Fifth, Sixth, Seventh, Eighth, Ninth, Tenth, Thirteenth, and Fourteenth Amendments during the course of her criminal proceeding before the Circuit Court for Baltimore County. She contends that she experienced discrimination; she was denied personal property, mail, prescription medications, an impartial jury, witnesses in her favor, and the effective assistance of counsel; and she was deprived of her privileges and immunities as a United States citizen as well as her due process and equal protection rights. (ECF No. 1). She seeks $10,000,000.00 in damages, declaratory relief and the ordering of a post-conviction hearing. Schulte names her defense attorney, the presiding criminal trial judge and a state prosecutor as defendants. For reasons to follow, the Complaint shall be dismissed for the failure to state a claim.

First, to the extent that Schulte seeks to attack defendants' representation, prosecution, and judicial rulings related to her criminal case, she is precluded from doing so under *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck* allegations of unconstitutional convictions or imprisonment requires proof that the indictments, convictions or sentences have been dismissed, reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such

determination, or called into question by a federal court's issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See Heck,* 512 U.S. at 486-87. Schulte's claims call into question the validity of her convictions. Judgment in her favor in this case is inextricably connected with her 2010 criminal convictions[1] and there is no evidence that the convictions have been overturned or invalidated. Under the rule of *Heck*, her civil rights Complaint may not proceed in this Court at this time.

Further, insofar as Schulte has raised civil rights allegations against Joseph Murtha, her defense attorney, the claim is not colorable under § 1983. The jurisdictional and threshold requirements of §1983 civil actions require that a substantial federal question be asserted and that the named defendant be acting "under color of" state law. *See* 28 U.S.C. §§ 1343(a)(3) and (4); *West v. Adkins*, 487 U.S. 42, 49 (1988); *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 928-930 (1982). A defense attorney, whether privately retained or court-appointed, represents only his client and is not acting under color of state law. *See Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *Deas v. Potts*, 547 F.2d 800, 800 (4th Cir. 1976). Therefore, regardless of whether Schulte can prove that Murtha provided her with ineffective assistance of counsel, she states no claim against counsel under § 1983 because she is not suing a state actor. *See Curry v. South Carolina*, 518 F.Supp.2d 661, 667 (D. S.C. 2007).

Next, the state prosecutor and trial judge are not subject to suit under § 1983. Clearly, Judge Jakubowski's actions were taken in her capacity as a judge. Therefore, Schulte's claims against the Circuit Court Judge are barred by the doctrine of judicial immunity and must be dismissed. *See*

---

[1] The public docket available from the Maryland Judiciary Search website shows that Schulte received a number of hearings related to bail, competency, and probation prior to disposition. On January 22, 2010, she was convicted on count of first- and second-degree assault and received a five-year term suspended to time served and two years supervised probation. *See State v. Schulte*, Criminal No. - 03K09002160 (Circuit Court for Baltimore County). *See* http://casesearch.courts.state.md.us. The convictions have not been overturned.

*Forrester v. White*, 484 U.S. 219, 226– 27 (1988); *Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978).  Lastly,  Assistant State's Attorney Pilarski is immune from plaintiff's § 1983 claims for damages.  *See Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976) (prosecutor enjoys absolute immunity when performing prosecutorial, as opposed to investigative or administrative, functions).

Schulte has paid the filing fee.  It is well established, however, that a court has broad inherent power *sua sponte* to dismiss an action, or part of an action, which is frivolous or vexatious.  *See Fitzgerald v. First East Seventh Street Tenants Corp.*, 221 F.3d 362, 363-64 (2$^d$ Cir. 2000) (district courts have the authority to dismiss frivolous complaint *sua sponte*, notwithstanding the payment of the filing fee); *Baker v. Director, United States Parole Comm'n,* 916 F.2d 725, 726 (D.C. Cir. 1990) (per curiam) ("[A] trial court may dismiss a claim sua sponte without notice 'where the claimant cannot possibly win relief." ' (quoting *Omar v. Sea-Land Serv.,* 813 F.2d 986, 991 (9th Cir. 1987))); *Crowley Cutlery Co. v. United States*, 849 F.2d 273, 277 (7th Cir. 1988) (federal district judge has authority to dismiss a frivolous suit on her own initiative); *Brown v. District Unemployment Compensation Board*, 411 F. Supp. 1001 (D.C. 1975) (district court has inherent power to control the judicial process and dismiss frivolous or harassing action *sua sponte*).  This Court has the discretion to dismiss a case at any time, notwithstanding the payment of any filing fee or any portion thereof, if it determines that the action is factually or legally frivolous.  The Court finds that the instant matter is subject to dismissal.  A separate order follows.

Date: <u>January 22, 2013</u>                   /s/                
                                                  RICHARD D. BENNETT
                                                  UNITED STATES DISTRICT JUDGE